Margaret M. Broussard (SBN 219251)
7909 Walerga Road, Suite 112, PMB 1157
Antelope, CA. 95843
tel (916) 722-2370
fax (916) 722-2801

FILED
07 NOV 13 PM 4:01

Attorney for
T.M.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., a minor, By and Through Z.M., His Guardian Ad Litem, | CASE NO. 5751 |
| Plaintiff, | COMPLAINT |
| v. | [20 U.S.C. § 1415] |
| SAN RAFAEL CITY SCHOOL DISTRICT, | BZ |
| Defendant. | |

NOW COMES Plaintiff T.M., a minor by and through Z.M., his Guardian Ad Litem, for a complaint against Defendant SAN RAFAEL CITY SCHOOL DISTRICT (*hereinafter* "DISTRICT") and alleges as follows:

PRELIMINARY STATEMENT

1. This action is brought pursuant to Section 1415(i)(2)(A) of Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education Act (*hereinafter* "IDEA"). (20 U.S.C. §1415(i)(2)(A). *See generally* 20 U.S.C. §§ 1400 *et seq.*). Plaintiff has been aggrieved by a hearing decision rendered by the California Office of Administrative Hearings on or about August 13, 2007. It was mailed out on August 14, 2007, and received by Plaintiff on or about August 15, 2007. An order clarifying the remedies was issued, pursuant to T.M.'s motion for such, on September 14, 2007 clarifying the LindaMood Bell reimbursement and ordering transportation costs

1. be reimbursed to T.M.'s parent for the LindaMood Bell tutoring.

2. On September 12, 2007, the DISTRICT filed an appeal of the Administrative Decision rendered on August 13, 2007. That appeal does not reference the order for clarification issued on September 14, 2007.

3. Under Local Rule 16-5, this is an appeal of an administrative decision. The DISTICT appeal of this same underlying case has been assigned to Judge Alsup. (See attached order pursuant to Local Rule 16-5.

//

//

## JURISDICTION AND VENUE

2. This action arises under the laws of the United States, (*See* 20 U.S.C. §1415(i)(3)(A),) and the State of California (*See* CAL. EDUC. CODE § 56507(b) & (d).) Jurisdiction is conferred on this Court pursuant to 28 U.S.C.§1331 and 28 U.S.C. § 1367(a).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Plaintiff and Defendants reside within the County of Marin, in the Northern District of California, and all of the events that are the subject of this complaint took place within the Northern District of California.

## PARTIES

4. Plaintiff is a citizen of the United States. Plaintiff resides with his mother, Z.M.., in the County of Marin, within the boundaries of Defendant's educational jurisdiction, and is a student in said Marin County. Plaintiff is a child diagnosed with both speech and language issues and a specific learning disability, and is eligible for special education and related services pursuant to IDEA, and Sections 56000 et seq. of the California Education Code.

5. The DISTRICT is a public entity organized and existing under the laws of the State of California, with the capacity to be sued. The DISTRICT receives federal funds from the United States Department of Education pursuant to IDEA, and is required to provide a free and appropriate public education in the least restrictive environment to all disabled children whose parents reside

1 within the DISTRICT's educational boundaries.

## STATUTORY SCHEME UNDER IDEA

6. IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-142) was adopted in 1975 to ensure that all children with qualifying disabilities receive a public school education. In adopting IDEA, Congress found that over one million disabled children were not receiving an appropriate education, and the "more than one-half of the children with disabilities in the United States did not receive appropriate educational services that would enable such children to have full equality of opportunity...1,000,000 of the children with disabilities in the United States were excluded entirely from the public school system and did not go through the educational process with their peers...there were many children with disabilities throughout the United States participating in regular school programs whose disabilities prevented such children from having a successful educational experience because their disabilities were undetected...because of the lack of adequate services within the public school system, families were often forced to find services outside the public school system, often at great distance from their residence and at their own expense." (20 U.S.C. § 1400(c)(2)(B-E).) Therefore, Congress adopted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." (20 U.S.C. § 1400(d).)

7. Educational programs for handicapped children are designed and implemented through Individualized Education Programs (IEPs) which contain, among other things, statements of the following: the child's present levels of educational performances, annual goals and short term objectives, and the specific educational services to be provided to the child and the extent to which the child will be educated in regular education programs. (20 U.S.C. § 1414(d).) In addition, Congress required that educational programs for handicapped children be implemented, to the maximum extent appropriate, in the regular educational environment and that no handicapped child be removed to special classes or separate schools, unless, with the use of supplementary aids and

1  services, the child cannot be educated satisfactorily in the regular education environment. (20 U.S.C.
2  § 1412(a)(5).)

3      8. Pursuant to 20 U.S.C. § 1415(b)(6), whenever a parent disagrees with a proposed
4  individualized education program, for example, the parent may file a complaint with respect to any
5  matter relating to the identification, evaluation, or educational placement of the child, or the
6  provision of a free appropriate public education to the child. Pursuant to 20 U.S.C. § 1415(f)(1),
7  whenever such a complaint has been received, the parent shall have an opportunity for an impartial
8  due process hearing which shall be conducted by the State education agency. As required by IDEA,
9  California has established an impartial due process hearing procedure through the California Office
10 of Administrative Hearings, Sacramento, California.

STATEMENT OF RELEVANT FACTS

12     9. T.M. has been receiving special education and related services from the DISTRICT since
13 May 11, 2004..

14     10. T.M. was originally found eligible under the category of speech and language disorder
15 and was receiving only speech and language services from the DISTRICT pursuant to his I.E.P..

16     11. On March 8, 2005, T.M. was also found eligible for special education and related
17 services due to a specific learning disability.

18     12.From the time T.M. was found eligible for special education services until January 2006,
19 T.M. attended Sun Valley Elementary School in the DISTRICT.

20     13.. Extended school year services generally refer to services provided during the summer
21 months of June, July and August.

22     14. The original complaint in this case was filed with the Office of Administrative
23         Hearings on May 18, 2007.

24     15. T.M.'s special education program for the relevant portion of his first grade school year
25 was developed in an IEP team meeting dated March 8, 2005.

26     16. Prior to this IEP meeting, T.M. was receiving only speech and language services from

1  the district and he had not been assessed in any area with the exception of speech and language.

2   17. At the time of this IEP meeting, T.M. was having struggling in language arts and math.

3   18. Without any assessments to determine the exact nature and source of T.M.'s issues, the
4  DISTRICT began to provide T.M. with Resource (RSP) services twice a week in the area of
5  Language Arts for 30 minutes as of the March 18, 2005 IEP.

6   19. Administrative Law Judge John Thawley correctly found that the District should have
7  conducted an assessment in Language Arts for T.M. prior to May 18, 2007.

8   20. Administrative Law Judge incorrectly found that T.M. did not have a unique need in
9  math.

10  21. Administrative Law Judge Thawley correctly found that the DISTRICT denied T.M.
11 FAPE by failing to offer sufficient RSP services in the area of Language Arts from May 18, 2007
12 until the end of the 204-2005 school year.

13  22. T.M.'s parents requested an complete assessment in November 2005 and an assessment
14 plan was signed by the mother on November 29, 2005.

15  23. The assessment was completed and an IEP was held on February 7, 2006.

16  24. ALJ Thawley correctly found that the IEP meeting was not properly comprised and that
17 the IEP meeting to discuss the assessments was not held until March 7, 2006, well outside the legal
18 timeline.

19  25. ALJ Thawley incorrectly found that this did not result in a denial of FAPE since the RSP
20 teacher called the mother on February 10, 2007 and got permission to double the amount of RSP
21 services to four days a week for 30 minutes.

22  26. ALJ Thawley correctly found that the DISTRICT denied T.M. FAPE from March 7, 2006
23 forward by failing to develop goals in the areas of writing and spelling..

24  27. Inexplicably, ALJ Thawley concluded that although the amount of RSP time provided
25 to Travis from March 7, 2006 forward (four times a week for 30 minutes) was sufficient, at the same
26 time he noted that the DISTRICT was not addressing spelling and writing. Therefore, since the

1  DISTRICT was not addressing areas in RSP which were necessary, and the absence of writing and
2  spelling constituted a denial of FAPE, the amount of RSP time could not be appropriate on its face.
3  .
4     28. T.M. started third grade in the 2006-2007 school year at Sun Valley School in the
5  DISTRICT.
6     29. TM.'s parents notified the DISTRICT verbally on several occasions that they were
7  looking for private placements for T.M.
8     30. TM's parents did not give the DISTRICT a 10 day written notice of their intent to
9  unilaterally place T.M. at STAR Academy.
10    31. T.M.'s parents placed T.M. at STAR Academy, a California Certified NPS on
11 September 18, 2007.
12    31. STAR Academy provided T.M. with speech and language as well as reading, writing
13 and spelling services. STAR also provided general education components.
14    32. STAR was an appropriate placement for T.M.
15    33. ALJ Thawley partially correctly determined that the parents were entitled to partial
16 reimbursement for T.M.'s placement at STAR. However, ALJ Thawley incorrectly applied
17 analysis for compensatory educational services instead of the analysis for unilateral placement.
18 Under the unilateral placement analysis, T.M.'s parents reimbursement should not have been
19 only for the parts of the placement that were deficient in the DISTRICT's offer.
20    34. T.M. does not dispute that the ALJ correctly determined that the lack of 10 day
21 written notice may require a reduction of reimbursement for a unilateral placement. However,
22 there is no indication in the decision what % reduction, if any, was made due to this failure. The
23 DISTRICT Special Education director testified that they would have taken no additional actions
24 had they actually received the written notice.
25    35. ALJ Thawley partially correctly awarded reimbursement for tutoring services from
26 Joy Ruppersburg as a partial remedy for the denial of FAPE from May 18, 2007 forward. He
27
28

also correctly awarded reimbursement for 200 hours of LindaMood Bell Tutoring, including reimbursement for two round trip transportation trips per day, as the rest of the remedy for the denial of FAPE from May 18, 2007 forward. However, due to the insufficient RSP offer from the February and March 2007 IEP meetings, Joy Ruppersburg's tutoring should also be reimbursed from March 2007 until June 2007 in the amount of an additional $1560. 00.

## CAUSE OF ACTION
## (20 U.S.C. §1415)
## (Claim For Relief against DISTRICT)

36. Plaintiff realleges paragraphs 1 through 35, inclusive, as set forth above and incorporates the same as if fully set forth herein.

37. The Administrative Law Judge failed to conduct an appropriate legal analysis in determining that the DISTRICT offered an appropriate amount of RSP in March and April 2006 forward and using the compensatory education analysis, not the unilateral placement analysis to determine reimbursement for T.M.'s unilateral placement at STAR Academy for the 2006-2007 school year.

38. The Administrative Law Judge's decision is not entitled to deference due to the failure to conduct appropriate legal analyses.

39. Plaintiff will suffer grave, and irreparable harm for which no other adequate legal remedy exists if the decision of the California Office of Administrative Hearings is not set aside, in part, and specific findings made that are consistent with the provisions of IDEA, California law, and legal precedent in this jurisdiction.

40. Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. §1415.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. For an order that specific findings of Administrative Law Judge Thawley's decision be set aside on the issues of the sufficiency of the RSP services offered at the February and March 2007 IEP meetings and award the parents of T.M. reimbursement for Ms. Ruppersburg's tutoring from March to June 2006 in the amount of $1560.00

2. For an order that specific findings of ALJ Thawley's decision be set aside on the issue of reimbursement for 28% of the tuition at STAR Academy as compensatory education be set aside and a specific finding for reimbursement for all of the tuition cost of STAR Academy be awarded in the amount of $28,316.00 be awarded as reimbursement for a unilateral placement.

3. For reasonable attorney fees and costs as a prevailing party in the underlying administrative action pursuant to 20 U.S.C. §1415 and California Education Code § 56507 (d);

4. For reasonable attorney fees and costs in bringing and prosecuting this appeal pursuant to 20 U.S.C. §1415; and

6. For such other relief as this Court may deem just and proper.

Respectfully submitted,

MARGARET M. BROUSSARD

Attorney for Plaintiff, T.M.

Dated: November 13, 2007        By: /s/ Margaret Broussard
                                     Margaret M. Broussard

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-Filing

PROCEDURAL ORDER IN ACTIONS FOR REVIEW ON AN ADMINISTRATIVE RECORD

CASE NO. 07-4702

TO THE PARTIES AND COUNSEL OF RECORD IN THE ABOVE ACTION:

The above action seeks a review per of a decision by the Office of Administrative Hearings (OAH) pursuant to 20 U.S.C. § 1415(i)(2)(A). The parties are reminded that the Court's jurisdiction is limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence in the record, and whether the OAH complied with the requirements of the statutes in reaching the decision reviewed.

IT IS HEREBY ORDERED that the referral to the ADR Multi-Option Program is withdrawn and all presently scheduled dates are vacated. Pursuant to Civil L.R. 16-5, IT IS FURTHER ORDERED that:

1. Defendant shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within ninety days of receipt of service of the summons and complaint.

2. Plaintiff shall serve and file a motion for summary judgment or for remand within thirty days of service of defendant's answer.

3. Defendant shall serve and file any opposition or counter-motion within thirty days of service of plaintiff's motion.

4. Plaintiff may serve and file a reply within fourteen days of service of defendant's opposition or counter-motion.

5. Unless the court orders otherwise, upon the conclusion of this briefing schedule, the matter will be deemed submitted for decision without oral argument.

DATED: October 1, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

1