CELIA M. RUIZ, SBN 87671
DAVID E. LYON, SBN 133065
OK-HEE SHIM, SBN 240998
RUIZ & SPEROW, LLP
2000 Powell Street, Suite 1655
Emeryville, CA 94608
Tel: 510 594-7980
Fax: 510 594-7988

Attorneys for Defendant
SAN RAFAEL CITY SCHOOLS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., a minor, By and Through Z.M., His Guardian Ad Litem, <br><br> Plaintiff, <br><br> v. <br><br> SAN RAFAEL CITY SCHOOL DISTRICT, <br><br> Defendant. | Case No. C07-5751 BZ <br> Related Case No. C07-4702 WHA <br><br> **ANSWER** |

### ANSWER

Defendant San Rafael City Schools (the District) answers the Complaint of Plaintiff T.M. ("Real Party") filed on November 13, 2007 ("Real Party's Appeal"), and served on November 26, 2007, by facsimile, as follows (all of the following Paragraph Numbers refer to the numbered paragraphs as they appear in Plaintiff's Complaint):

1. <u>Answer to Paragraph No. 1[1] under "Preliminary Statement"</u>: The District admits that this action purports to be brought under that the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1415, *et seq.*. Based upon the documents served by the the California Office of Administrative Hearings (OAH), it rendered a hearing decision (Administrative Decision) on August 13, 2007 and faxed it to the parties, with confirmation on that same date, on August 13, 2007. In

---

[1]  Plaintiff's Complaint begins with Paragraph Nos. 1 through 3 under "Preliminary Statement" on Page 1 and repeats its numbering with Paragraph No. 2 under "Jurisdiction and Venue" on Page 2.

addition, the purported order of clarification is without effect as it was issued after the District's appeal had been filed. The District otherwise denies each material fact and allegation in Paragraph No. 1 under "Preliminary Statement".

2. <u>Answer to Paragraph No. 2 under "Preliminary Statement"</u>: The District admits that on September 12, 2007, it filed an appeal to the Administrative Decision ("District's Appeal"). The District admits that its appeal did not reference an order issued only after its appeal had been prepared and filed.

3. <u>Answer to Paragraph No. 3 under "Preliminary Statement"</u>: The District admits that it has filed a complaint under the IDEA appealing the Administrative Decision (the District's Complaint); that the District's Complaint has been assigned to Judge William H. Alsup (Case No. C07-4702 WHA). The District admits that Local Rule 16-5 generally applies to "Actions for Review on an Administrative Record," but denies that Local Rule 16-5 applies or should apply to this appeal due to the special review attendant to appeals under the IDEA. Except as otherwise referenced herein, the District denies each material fact and allegation in Paragraph No. 3 under "Preliminary Statement."

4. <u>Answer to Paragraph No. 2 under "Jurisdiction and Venue"</u>: The District admits that this action arises under federal and state law, and that this court has jurisdiction of this matter.

5. <u>Answer to Paragraph No. 3 under "Jurisdiction and Venue"</u>: The District admits that venue is proper in this Court under 28 U.S.C. § 1391(b). The District admits that it resides in the County of Marin, which is in the Northern District of California. The District is informed and believes that Plaintiff also resides in the County of Marin. The District admits that many of the events that are the subject of this complaint took place within the Northern District of California, but denies that all such events took place there. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 3 under "Jurisdiction and Venue".

6. <u>Answer to Paragraph No. 4 under "Parties"</u>: The District is informed and believes that Real Party resides with his mother and Guardian *Ad Litem* Z.M. in the County of Marin. The District admits that Real Party has been found in the past to be eligible for receipt of special education services under both speech and language and specific learning disability pursuant to the IDEA. The District admits that is currently providing special education services to Real Party as a student with a specific

learning disability. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 4 under "Parties".

7.  <u>Answer to Paragraph No. 5 under "Parties"</u>: The District admits that it is a public school district organized and existing under California law with the capacity to be sued. The District admits that it receives funding from the California Department of Education (CDE) via the Marin County Special Education Local Plan Area to provide special education and related services to eligible students whom it is obligated to serve. The District denies the overbroad contention that it is "required to provide a free and appropriate public education in the least restrictive environment to all disabled children whose parents reside within the DISTRICT's educational boundaries." The District also denies that it directly receives federal funds from the United States Department of Education pursuant to the IDEA, but it is informed and believes that the CDE receives such federal funds. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 5 under "Parties".

8.  <u>Answer to Paragraph No. 6 under "Statutory Scheme Under IDEA"</u>: The District admits that the IDEA is set out in 20 U.S.C. §§ 1400, *et seq*. The District denies that 20 U.S.C. § 1400(c)(2)(B-E) is accurately quoted, excerpted, and/or paraphrased in Paragraph No. 6 under "Statutory Scheme Under IDEA" and that instead, the statute best speaks for itself. Except as specifically admitted herein, the District denies each material fact and allegation in Paragraph No. 6 under "Statutory Scheme Under IDEA".

9.  <u>Answer to Paragraph No. 7 under "Statutory Scheme Under IDEA"</u>: The District admits that 20 U.S.C. § 1414(d), and implementing state law make provisions for Individualized Education Programs (IEPs) which in appropriate circumstances provide a mechanism for providing services to students who qualify for them. The District denies that the terms of the IDEA are accurately quoted, excerpted, and/or paraphrased, and that instead, the statute best speaks for itself. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 7 under "Statutory Scheme Under IDEA".

10. <u>Answer to Paragraph No. 8 under "Statutory Scheme Under IDEA"</u>: The District is informed and believes that 20 U.S.C. § 1415(b) sets forth "Procedural Safeguards" under the IDEA,

and admits that under specified circumstances under the IDEA and implementing state law, that parents may file a complaint challenging an offer of services. The District denies that the terms of the IDEA are accurately quoted and/or paraphrased, and that instead, the statute best speaks for itself. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 8 under "Statutory Scheme Under IDEA".

11. <u>Answer to Paragraph No. 9 under "Statement of Relevant Facts"</u>: The District admits that Plaintiff T.M. was a student in the District on May 11, 2004, and that the District proposed and offered special education services to him on or about that time. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 9 under "Statement of Relevant Facts".

12. <u>Answer to Paragraph No. 10 under "Statement of Relevant Facts"</u>: The District admits that initially Plaintiff received special education pursuant to an IEP and was found eligible for such services under the speech and language category. Except as specifically admitted herein, the District denies each material fact and allegation in Paragraph No. 10 under "Statement of Relevant Facts," including but not limited to the characterization of services offered.

13. <u>Answer to Paragraph No. 11 under "Statement of Relevant Facts"</u>: The District admits that it conducted a further IEP on March 8, 2005 to review, assess, and specify special education serves for Real party, and that he was found to qualify for special education serves under the category of specific learning disability, in addition to speech and language. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 11 under "Statement of Relevant Facts."

14. <u>Answer to Paragraph No. 12 under "Statement of Relevant Facts"</u>: The District admits that Plaintiff T.M. was a student at Sun Valley Elementary School, which is located within the District, starting on or about September of 2004 and continuing until on or about mid-September of 2006. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 12 under "Statement of Relevant Facts".

15. <u>Answer to Paragraph No. 13 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 13 under "Statement of Relevant Facts."

16. <u>Answer to Paragraph No. 14 under "Statement of Relevant Facts"</u>: The District is

informed and believes that Plaintiff T.M. filed a complaint for due process under the IDEA with the OAH on or about May 18, 2007.

17. <u>Answer to Paragraph No. 15 under "Statement of Relevant Facts"</u>: The District admits an IEP team was convened on or around March 8, 2005 to review, assess and consider services to be offered to Plaintiff. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 15 under "Statement of Relevant Facts".

18. <u>Answer to Paragraph No. 16 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 16 under "Statement of Relevant Facts".

19. <u>Answer to Paragraph No. 17 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 17 under "Statement of Relevant Facts".

20. <u>Answer to Paragraph No. 18 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 18 under "Statement of Relevant Facts".

21. <u>Answer to Paragraph No. 19 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 19 under "Statement of Relevant Facts".

22. <u>Answer to Paragraph No. 20 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 20 under "Statement of Relevant Facts".

23. <u>Answer to Paragraph No. 21 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 21 under "Statement of Relevant Facts".

24. <u>Answer to Paragraph No. 22 under "Statement of Relevant Facts"</u>: The District admits that ZM signed a proposed assessment plan on or about November 29, 2005, but otherwise denies each material fact and allegation in Paragraph No. 22 under "Statement of Relevant Facts".

25. <u>Answer to Paragraph No. 23 under "Statement of Relevant Facts"</u>: The District admits that assessments were performed on Plaintiff and that Plaintiff's IEP team met on February 7, 2006.

26. <u>Answer to Paragraph No. 24 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 24 under "Statement of Relevant Facts".

27. <u>Answer to Paragraph No. 25 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 25 under "Statement of Relevant Facts".

28. <u>Answer to Paragraph No. 26 under "Statement of Relevant Facts"</u>: The District denies

each material fact and allegation in Paragraph No. 26 under "Statement of Relevant Facts".

29. <u>Answer to Paragraph No. 27 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 27 under "Statement of Relevant Facts".

30. <u>Answer to Paragraph No. 28 under "Statement of Relevant Facts"</u>: The District admits that Plaintiff started as a student in the third grade at Sun Valley Elementary School in the Fall of 2006. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 28 under "Statement of Relevant Facts".

31. <u>Answer to Paragraph No. 29 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 29 under "Statement of Relevant Facts".

32. <u>Answer to Paragraph No. 30 under "Statement of Relevant Facts"</u>: The District admits that Real Party's parents did not provide a ten day written notice of their intention to place Plaintiff at STAR Academy.

33. <u>Answer to Paragraph No. 31[2] under "Statement of Relevant Facts" (Page 6, Lines 10-11)</u>: The District is informed and believes that Plaintiff began attending STAR Academy on or about September 18, 2007. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 31 under "Statement of Relevant Facts" (Page 6, Lines 10-11).

34. <u>Answer to Paragraph No. 31 under "Statement of Relevant Facts" (Page 6, Lines 12-13)</u>: Real Party's assertions as to the type and level of services are overbroad, ambiguous and incomprehensible, and therefore the District denies each material fact and allegation in Paragraph No. 31 under "Statement of Relevant Facts" (Page 6, Lines 12-13).

35. <u>Answer to Paragraph No. 32 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 32 under "Statement of Relevant Facts".

36. <u>Answer to Paragraph No. 33 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 33 under "Statement of Relevant Facts".

37. <u>Answer to Paragraph No. 34 under "Statement of Relevant Facts"</u>: The District admits that the failure by Plaintiff's parents to give ten days written notice prior to their unilateral placement

---

[2] Plaintiff's Complaint shows two different paragraphs numbered "31" on Page 6. The District has identified the line citations of each Paragraph No. 31.

of Plaintiff into STAR Academy requires either denial or a reduction of any request for reimbursement for such placement. Except as admitted herein, the District denies each material fact and allegation in Paragraph No. 34 under "Statement of Relevant Facts".

38. <u>Answer to Paragraph No. 35 under "Statement of Relevant Facts"</u>: The District denies each material fact and allegation in Paragraph No. 35 under "Statement of Relevant Facts".

<u>Answer to Paragraph No. 36 under "Cause of Action"</u>: The District incorporates by reference its answers to Paragraph Nos. 1 through 35[3] as if fully set forth herein.

40. <u>Answer to Paragraph No. 37 under "Cause of Action"</u>: The District denies each material fact and allegation in Paragraph No. 37 under "Cause of Action."

41. <u>Answer to Paragraph No. 38 under "Cause of Action"</u>: The District admits that the Administrative Law Judge's decision to award Real Party any compensation or reimbursement, and his specific factual findings and legal analysis that the District in any manner or to any extent failed to fulfill its substantive and procedural obligations are not entitled to any deference as they are legally and factually incorrect. The Administrative Law Judge's decision to deny Real Party relief on his claims was correct in result, is entitled to deference, and therefore the District otherwise denies each material fact and allegation in Paragraph No. 38 under "Cause of Action".

42. <u>Answer to Paragraph No. 39 under "Cause of Action"</u>: The District denies each material fact and allegation in Paragraph No. 39 under "Cause of Action".

43. <u>Answer to Paragraph No. 40 under "Cause of Action"</u>: This contention is overbroad, ambiguous and incomprehensible. The District denies each material fact and allegation in Paragraph No. 40 under "Cause of Action".

//
//
//
//
//

---

[3] This answer includes the District's answers to misnumbered paragraphs in Plaintiff's Complaint, as noted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Statute of Limitations)

Real Party's right to recovery on her asserted claims, if any he had, is barred by the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel/Waiver)

Real Party, by his own conduct, has waived and is estopped from asserting any of the claims upon which she seeks relief.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

Real Party, by his own acts and omissions, is barred from any recovery in this action by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Real Party is not entitled to fees, because the number of hours expended are undocumented, unreasonable, duplicative, unnecessary, and include time spent on non-professional activities or on matters not part of the judicial action or administrative proceeding. And the District should be awarded its attorneys fees in responding to Real Party's complaints because they are not well founded in law and/or fact, were frivolous, introduced for an improper purpose, or otherwise merit an award of fees in District's favor under applicable law.

### PRAYER

WHEREFORE, the District prays as follows:

1. That Real Party takes nothing by his claims;
2. That judgment be rendered in favor of the District;
3. That the District be awarded its attorneys' fees and costs of suit incurred in the defense of this action; and

4.  For such other relief as the Court deems proper.

Dated: December 7, 2007

Respectfully submitted,

RUIZ & SPEROW, LLP

_____
David E. Lyon
Attorneys for Defendant
SAN RAFAEL CITY SCHOOLS

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2000 Powell Street, Suite 1655, Emeryville, California 94608. On December 17, 2007, I caused the following document(s) in U.S.D.C. N.Ca Case No. C07-5751 BZ/C07-4702 WHA, referred to as *T.M., a minor, etc. v. San Rafael City School District*, to be served by the method indicated below:

Answer

☐ by transmitting via facsimile on this date from fax number 510-594-7988 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Emeryville, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via email to the person(s) at the email address(es) listed below.

Cynthia Watts/Vigil Phoenix
OAH
Special Ed. Division
2349 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833-4231

Margaret Broussard
Law Offices
Suite 112, 7909 Walerga Road, PMB 1157
Antelope, CA 95843

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 17, 2007, at Emeryville, California.

*Gretchen Trupiano*
Gretchen Trupiano