Margaret M. Broussard (SBN 219251)
7909 Walerga Road, Suite 112 PMB 1157
Antelope, CA 95843
Phone (916) 722-2370
Fax (916) 722-2801



Attorney for T.M.

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., | ) Case No.: 3:07-CIV-05751 WHA |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S APPEAL BRIEF** |
| | ) |
| vs. | ) Hearing: March 6, 2008 8:00am |
| | ) |
| SAN RAFAEL CITY SCHOOLS, | ) |
| | ) |
| Defendant | ) |

//
//
//
//
//
//
//
//
//
//
//
//
//
//

Contents

INTRODUCTION.................................................... 2

APPEAL ISSUES.................................................. 2

BACKGROUND FACTS............................................... 3

LEGAL AUTHORITY................................................ 5

STANDARD OF REVIEW............................................. 7

ARGUMENT...................................................... 10

A.  THE ADMINISTRATIVE LAW JUDGE ERRED WHEN HE AWARDED T.M.
REIMBURSEMENT FOR ONLY A PERCENTAGE OF THE TOTAL COST OF T.M.'s
UNILATERAL PLACEMENT AT STAR ACADEMY. ...................... 10

B.  THE FAILURE OF THE PARENTS TO GIVE A WRITTEN TEN-DAY NOTICE
OF THEIR INTENT TO UNILATERALLY PLACE T.M. AT STAR ACADEMY WAS
HARMLESS PROCEDURAL ERROR, AND THE AWARD OF REIMBURSEMENT FOR
THE PLACEMENT AT STAR ACADEMY SHOULD NOT BE REDUCED OR DENIED
ON THIS BASIS. ............................................. 13

C.  THE ADMINISTRATIVE LAW JUDGE'S REDUCTION OF THE
REIMBURSEMENT FOR STAR ACADEMY BY 72% IS NOT EQUITABLE AND THE
ENTIRE AMOUNT OF REIMBURSEMENT SHOULD BE AWARDED. ........... 17

D.  T.M. WAS THE PREVAILING PARTY IN THE UNDERLYING
ADMINSITRATIVE HEARING AND SHOULD BE AWARDED REASONABLE
ATTORNEY FEES FOR THE UNDERLYING ADMINSITRATIVE HEARING. .... 21

CONCLUSION.................................................... 23

## TABLE OF AUTHORITIES

**Cases**

*Bettinger v. New York City Board of Education,* 2007 WL 4208560
   (S.D.N.Y.). ............................................... 20

*Alamo Heights Indep. Sch. Dist. v. State Board of Educ.* (5th
   Cir. 1986) 790 F.2d 1153, 1161. ........................... 10

*Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.,* 267
   F.3d 877,887 (9th Cir. 2001) .............................. 7

*Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982))............. 8

*Bend-Lapine School District v. K.H.*, 234 Fed.Appx. 508, 2007 WL
   1675180 (C.A.9 (Or.)). .................................... 17

*Burlington N., Inc. v. Weyerhaeuser Co.*, 719 F.2d 304, 307
   (9thCir. 1983) ............................................ 8

*Florence County Sch. Dist., Four v. Carter* (1993) 510 U.S. 7, 13
   114 S.Ct. 361 ............................................. 10

*Ford ex rel. Ford v. Long Beach Unified Sch. Dist.*, 291 F.3d
   1086, 1089 (9th Cir. 2002) ................................ 14

*Gagliardo v. Arlington School District*, 489 F.3d at 112....... 17

*Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir.
   1987). .................................................... 8

*Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1104 n.4 (9th
   Cir.2007) ................................................. 9

*J.L. v. Mercer Island School District*, 2007 WL 505450
   (W.D.Wash.) ............................................... 18

*Lauren P. v. Wissahickon School District*, 2007 WL 1810671
   (E.D.Pa.). ................................................ 18

*M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634, 652 (9th Cir. 2005) 14

*M.V. v. Shenendehowa Central School District,* 2008 WL 53181 (N.D.N.Y.) ................................................ 18

*Miller v. San Mateo-Foster City Unified Sch. Dist.,* 318 F.Supp. 2d 851, 853-54, (N.D. Cal. 2004) ........................... 5

*Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir.1993) ................................................. 8

*Parents of Student W. v. Puyallup Sch. Dist.*, No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) ................................ 22

*Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034-37 (9th Cir. 2006). ....................................... 14, 22

*School Committee of the Town of Burlington v. Dept. of Education* (1985) 471 U.S. 359, 369-370 ............................ 10

*Student W. v. Puyallup Sch. Dist.* (9th Cir. 1994) 31 F.3d 1489, 1496. ................................................ 10

*Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).. 8

*Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 481 F.3d 770, 775 (9th Cir. 2007) ..................................... 8

**Statutes**

20 U.S.C. § 1412(a)(10)(C).................................... 12

20 U.S.C. § 1412(a)(10)(C)(iii)(I)........................... 16

20 U.S.C. § 1415(i)(3)(B)(i)................................. 24

20 U.S.C. § 1412(a)(10)(C)(iii)(I)........................... 16

20 U.S.C. § 1412(a)(3)....................................... 8

20 U.S.C. § 1414(d).......................................... 9

20 U.S.C. § 1415(b)(2)....................................... 9

20 U.S.C. § 1415(e)(2)....................................... 10

20 U.S.C. 1415(i)(2)(C)(iii)(2006)........................... 19

20 U.S.C.§ 1415(i)(2)(B) (2003)................................ 10

Cal. Educ. Code § 56100(I)..................................... 8

Cal. Educ. Code § 56128........................................ 8

Cal. Educ. Code § 56300........................................ 9

Cal. Educ. Code § 56000........................................ 8

Cal. Educ. Code § 56344........................................ 9

Cal. Educ. Code § 56176....................................... 16

**Regulations**

34 C.F.R. § 300.148(d)........................................ 16

# INTRODUCTION

This appeal results from an administrative decision by the California Office of Administrative Hearings in a case involving the special education placement and services for T.M., a minor child. T.M. appeals only on the limited issue of whether the Administrative Law Judge ("ALJ") applied the law correctly when calculating the amount of reimbursement to be awarded to T.M. and also requests that attorney fees be awarded to T.M. as the prevailing party in the underlying administrative hearing decision.

# APPEAL ISSUES

1. Whether the ALJ incorrectly determined the amount of reimbursement for the unilateral placement of T.M. at STAR Academy.

2. Whether T.M. is entitled to an award of attorney fees as the prevailing party in the underlying administrative hearing decision.

## BACKGROUND FACTS

On May 18, 2007, T.M. filed a complaint for a due process hearing against the San Rafael City Schools ("District") alleging that the District had not provided T.M. with a free appropriate public education (FAPE) from May 18, 2005 through the end of the extended school year in August 2007.(OAH 2167-2176). At the time the hearing was filed, T.M. was ten years old and in the third grade. (OAH 2167).

T.M. had attended District schools in Kindergarten, First and Second Grades. (OAH 1878-1879 #1-2). T.M. was eligible for special education services during all relevant time periods alleged in the original complaint. (OAH 1879 #3). A few weeks after the beginning of third grade, in the 2006-2007 school year, T.M. was unilaterally placed by his parents at STAR Academy. (OAH 1896 #81). STAR Academy is a California Certified Non-Public School which provides an alternative school placement for students with special needs. (OAH 1899-1900 #108)

As a result of the District's denial of FAPE to T.M., he requested reimbursement for private tutoring provided by Joy Ruppersburg which T.M. received during some of the time there was a denial of FAPE.(OAH 2067). T.M. requested the ALJ order the District to fund compensatory education in the form of 200 hours of LindaMood Bell tutoring and reimbursement for his

placement at STAR Academy during the 2006-2007 school year.(OAH 2067).

The special education due process hearing between the parties took place over six court days from July 13, 2007 until July 23, 2007. (OAH 1876).   The ALJ heard from over twenty (20) witnesses and admitted voluminous paper evidence.  (OAH 1876-1911).  A decision was rendered in the case on August 13, 2007. (OAH 1911).  The decision was lengthy and comprises 36 pages, much of it single spaced.  (OAH 1876-1911).

For the most part, the decision is carefully crafted, speaking to all of the issues, and the ALJ carefully goes through the evidence which supports each and every determination. (OAH 1876-1911).

The ALJ determined the District denied T.M. a FAPE for all of the time periods alleged in the complaint.  (OAH 1894 #73, 1904 #14, 1906 #23-24, 1908 #35).  As a result of this denial, the ALJ awarded reimbursement for $2740 for the services of Ms. Ruppersburg, a private tutor hired by T.M.  (OAH 1892-1893 #64). T.M. was also awarded 200 hours of LindaMood Bell Tutoring as compensatory education.  (OAH 1899 #107, 1910 #43).  Finally, T.M.'s parents were awarded twenty-eight percent (28%) of the tuition for T.M.'s placement at STAR Academy.  (OAH 1899-1901 #108).  The ALJ specifically noted, however, that he was

awarding the reimbursement for STAR Academy as compensatory education. (OAH 1899-1901 #108).

After the administrative decision was entered, T.M. filed a Motion for Clarification asking the ALJ to clarify the specific parameters of the award of LindaMood Bell services in the original decision. On September 13, 2007, the ALJ issued an order clarifying his original decision and ordering the District to reimburse the parents for the hours T.M. had already completed at LindaMood Bell and to fund the remainder of the LindaMood Bell at the LindaMood Bell Center.  (OAH 2696-2697). He further ordered  the District reimburse the parents for their mileage for the transportation of T.M. to and from the center.(OAH 2696-2697).

The District appealed the original decision after it had notice of the Motion for Clarification, but prior to the granting of the Motion for Clarification.  T.M. cross-appealed on the limited issue of the sufficiency of the remedies.


**LEGAL AUTHORITY**

*Miller v. San Mateo-Foster City Unified Sch. Dist.,* 318 F.Supp. 2d 851, 853-54, (N.D. Cal. 2004) summarized the language, purpose and history of the IDEA and federal and state implementing regulations, as follows: Congress passed the IDEA

"to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs" 20 U.S.C. § 1400(c). If a State provides every qualified child with a free appropriate public education ("FAPE") under federal statutory requirements, the IDEA provides that State with federal funds to help educate children with disabilities. In exchange for these federal funds, the State must comply with "Child Find," which requires the State to design a program to identify and provide services to children with special education needs. 20 U.S.C. § 1412(a)(3).

California maintains a policy of complying with IDEA requirements. See, e.g., Cal. Educ. Code §§ 56000, 56100(I), 56128. It implements the Child Find program by requiring local school districts to identify disabled students by "actively and systematically seeking out all individuals with exceptional needs." Cal. Educ. Code § 56300. Individualized education plans ("IEPs") are required for disabled students. 20 U.S.C. § 1414(d); Cal. Educ.Code § 56344. *See also Hacienda La Puente Unified School Dist. v. Honig,* 976 F.2d 487, 491 (9th Cir.1992).

The IDEA provides both substantive and  procedural safeguards. Violations of these safeguards may prevent a child

from receiving a FAPE. Among the most important procedural safeguards are those that protect parents' rights to be involved in the development of their child's IEP. *Amanda v. Clark County Sch. Dist.,* 267 F.3d 877, 882 (9th Cir.2001).  Parents have the right to "present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of [a FAPE] to such child." 20 U.S.C. § 1415(b)(1)(E). After making such a complaint, parents are entitled to "an impartial due process hearing ... conducted by the State educational agency or by the local educational agency or an intermediate educational unit, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(b)(2). If either party is dissatisfied with the state educational agency's review, that party may bring a civil action in state or federal court. 20 U.S.C. § 1415(e)(2). California has implemented the mandated procedural safeguards in California Education Code sections 56500 through 56507.


**STANDARD OF REVIEW**

    The court reviews findings of fact for clear error, even if those findings are based on the administrative record. *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877,887 (9th Cir. 2001). A finding of fact is clearly erroneous if

" 'the reviewing court is left with a definite and firm conviction that a mistake has been committed.' " *Id.* (quoting *Burlington N., Inc. v. Weyerhaeuser Co.*, 719 F.2d 304, 307 (9thCir. 1983)). Mixed questions of fact and law are reviewed de novo unless the question is primarily factual. *Id.*; *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir. 1987).

When a party challenges the outcome of an IDEA due process hearing, the reviewing court receives the administrative record, hears any additional evidence, and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C.§ 1415(i)(2)(B) (2003). Courts give " 'due weight' " to the state administrative proceedings, *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 481 F.3d 770, 775 (9th Cir. 2007) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)), and, at a minimum, " 'must consider the findings carefully,' " *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993) (quoting *Gregory K.*, 811 F.2d at 1311). The court gives particular deference where the hearing officer's administrative findings are "thorough and careful." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994). The Ninth Circuit has rejected a complete de novo standard stating that

"…the fact-intensive nature of a special education eligibility determination coupled with considerations of judicial economy render a more deferential approach appropriate."

*Hood v. Encinitas Union Sch. Dist.*, 486 F.3d 1099, 1104 n.4 (9th Cir.2007).

In this case, the transcript of the due process hearing and both the ALJ's decision and Clarification Order demonstrate that he carefully and impartially considered all the evidence, and demonstrate his sensitivity to the complexity of the issues presented by the parties.(OAH 1876-1911).  The decision was lengthy and detailed, and the findings were supported with testimony and documentary evidence. (OAH 1876-1911).  The ALJ provided lengthy discussions regarding each of the material issues in dispute. (OAH 1876-1911).  He decided many of the issues on the basis of oral testimony, considering the content of the testimony itself and assigning weight based on a determination as to the credibility of the witness. (OAH 1876-1911).

For these reasons, the Court should accord substantial weight to the ALJ's factual findings. He made careful determinations on issues presented, finding some issues in favor of the District and other issues in favor of T.M.. From a

factual standpoint, the factual findings of the ALJ were careful and should not be disturbed.  However, the conclusions of law related to the award of reimbursement to T.M. for his placement at STAR Academy should be reversed.

## ARGUMENT

**A. THE ADMINISTRATIVE LAW JUDGE ERRED WHEN HE AWARDED T.M. REIMBURSEMENT FOR ONLY A PERCENTAGE OF THE TOTAL COST OF T.M.'s UNILATERAL PLACEMENT AT STAR ACADEMY.**

Parents are entitled to reimbursement for the costs of placement or services they have procured for their child when: (1) the school district failed to provide a FAPE; and (2) the private placement or services procured are (a) proper under IDEA and (b) reasonably calculated to provide educational benefit to the child. 20 U.S.C. § 1412(a)(10)(C); *School Committee of the Town of Burlington v. Dept. of Education* (1985) 471 U.S. 359, 369-370; *Student W. v. Puyallup Sch. Dist.* 31 F.3d 1489, 1496 (9th Cir. 1994). Parents must only provide a placement or services that address the student's needs and provides the student with educational benefit. *Florence County Sch. Dist., Four v. Carter* (1993) 510 U.S. 7, 13, 114 S.Ct. 361; *Alamo Heights Indep. Sch. Dist. v. State Board of Educ.* 790 F.2d 1153, 1161 (5th Cir. 1986).

The ALJ correctly determined that the District's offer for the 2006/2007 school year did not provide T.M. with a FAPE. (OAH 1899 #107).  He correctly determined that the placement at STAR Academy was appropriate to meet T.M.'s unique needs. (OAH 1900 #108). However, the ALJ incorrectly calculated the reimbursement for T.M.'s 2006/2007 placement at STAR Academy. STAR Academy is a California Certified Non-Public School with a comprehensive school program which met T.M.'s unique needs and provided him with FAPE. (OAH 1899 #108).  T.M. was enrolled at STAR Academy by his parents after the District failed to offer and provide T.M. with the free appropriate public education he was entitled to under the law.  (OAH 1895-1900 #80-81, #89, #108).

The ALJ indicated that he was ordering reimbursement for the placement at STAR Academy as a compensatory remedy. (OAH 1900 #108).  The placement at STAR Academy was not meant to recompense T.M. for a failure to provide FAPE at some previous time, but was made as an alternative placement during the time when the District placement offer was not appropriate. However, the placement at STAR Academy was a full-day school placement. (OAH 1899-1900 #108).   STAR Academy is not an afterschool tutoring program or a program that only offers intervention in specific areas; it is an all-day school placement.

The ALJ incorrectly applied a "bottom-up" theory of reimbursement for the school placement at STAR. (OAH 1899-1900 #108). The ALJ calculated the reimbursement for the placement based on the following reasoning and calculations: 10% of the tuition cost at STAR for the LindaMood Bell Services provided at the school; 8% of the tuition cost at STAR Academy for the Slingerland services; and 10% of the STAR Academy tuition based upon the conduct of the District. (OAH 1900 #108).

The ALJ limited the reimbursement for STAR Academy only to the areas determined to be deficient in the District's placement offer. However, this fails to adequately and fairly compensate T.M.. First, T.M. was unable to attend part of the school day at the District placement and part of the day at STAR Academy. Additionally, the court should not impose such a requirement on a student. Second, the District placement and STAR Academy are located in different cities and did not follow the same class schedule. Third, ALJ reduced the award because both programs offered the same speech services and general education classes. The determination actually supports the conclusion that the placement at STAR Academy was appropriate because it offered similar related services and general education. This determination supports an award of total reimbursement for the costs of STAR Academy, not a partial award of reimbursement.

Once the ALJ determined the District placement did not offer FAPE and STAR Academy was an appropriate placement, T.M. should have been entitled to reimbursement for the placement, subject to the limitations of 20 U.S.C. § 1415, which are discussed below.  The purpose of providing reimbursement for a unilateral placement when the District has failed to offer a FAPE is to provide an equitable remedy and to encourage districts to offer FAPE in the first place. "[P]ublic educational authorities who want to avoid reimbursing parents for the private education can do one of two things: give the child a free appropriate public education in a public setting, or place the child in an appropriate private setting of the State's choice.  This is IDEA's mandate, and school officials who conform to it need not worry about reimbursement claims." *Carter*, 510 U.S. at 15.

For these reasons, the ALJ's award of partial reimbursement for T.M.'s placement at STAR Academy should be overturned and T.M. should be awarded full tuition reimbursement.

**B. THE FAILURE OF THE PARENTS TO GIVE A WRITTEN TEN-DAY NOTICE OF THEIR INTENT TO UNILATERALLY PLACE T.M. AT STAR ACADEMY WAS HARMLESS PROCEDURAL ERROR, AND THE AWARD OF REIMBURSEMENT FOR THE PLACEMENT AT STAR ACADEMY SHOULD NOT BE REDUCED OR DENIED ON THIS BASIS.**

Reimbursement may be denied or reduced if the parents do not give the school district notice of their intent to remove

their child from public school before they do so. 20 U.S.C. §
1412(a)(10)(C)(iii)(I); 34 C.F.R. § 300.148(d); Ed. Code, §
56176.  Pursuant to these provisions, parents must provide such
notice at the most recent IEP meeting that the parents attended
prior to removal of the child from the public school, or by
written notice ten business days prior to the removal of the
child from the public school that included a statement of the
parents' concerns. 20 U.S.C. § 1412(a)(10)(C)(iii)(I); 34 C.F.R.
§ 300.148(d); Ed. Code, § 56176.

In this case, the failure of the parents to give the
required ten-day notice was harmless. The procedural
requirements of the IDEA are critical as procedural compliance
with the statutes will generally lead to substantive compliance.
But, not every procedural error will cause of denial of FAPE.
For example, where a school district improperly constitutes an
IEP team, "IDEA procedural error may be held harmless[.]" *M.L.
v. Fed. Way Sch. Dist.*, 394 F.3d 634, 652 (9th Cir. 2005)
(Gould, J., concurring). Therefore, not all procedural
violations result in a finding of a denial of FAPE. *Park*, 464
F.3d at 1033 n.3; *Ford ex rel. Ford v. Long Beach Unified Sch.
Dist.*, 291 F.3d 1086, 1089 (9th Cir. 2002).

Only a few procedural requirements in the IDEA
affirmatively apply to parents.  One of the procedural

requirements for parents is the requirement to tender a ten business day notice to a school district when making a unilateral placement.  If procedural errors on the part of a school district are analyzed using a harmless error analysis, certainly any procedural errors on the part of a parent are subject to the same analysis.

In this case, the parents' failure to provide the formal notice in writing was indeed harmless.  The District knew that the parents were moving T.M. to another placement. (OAH 1895-1897 #80-81, #86).  The mother had discussed her desire to find an alternative school placement with District personnel on several occasions. (OAH 1895-1897 #80-81, #86).  She had discussed her concerns about T.M.'s progress on many occasions with the District. (OAH 1900-1901 #108).

The District director of special education, Susan Palmer, testified that if the District had received a ten-day written notice from the parents, its only reaction would have been to hold an IEP meeting. (OAH 1607 lines 9-25, OAH 1608 lines 1-25). However, the District maintains, even to today, that the District's placement offered to T.M. at the time he was removed from the District placement provided him with FAPE.  The District, even in the face of the administrative decision which found that its placement failed to comply with the requirements

of IDEA, maintains through the appeal that its offer of placement, which remained unchanged throughout the 2006/2007 school year, was sufficient.  Therefore, because the District has acknowledged that the ten-day notice would not have changed its placement offer or resulted in any other action, the failure to provide the notice was indeed harmless, and therefore the reimbursement for the placement should not be reduced.

Further, in his analysis, the ALJ found that the behavior of the District in regard to T.M. and his placement required an increase in the amount of the reimbursement he awarded. (OAH 1900-2000)  He specifically noted that, "Mother went to considerable lengths to try to get assistance for Student." (OAH 1900).  He criticized the behavior of the District noting, "Had the district appropriately acknowledged Mother's concerns, additional resources – in the form of additional RSP time – were readily available." (OAH 1900-1901).

Therefore, the failure of the parents to provide a formal written ten-day notice of T.M.'s placement at STAR Academy was harmless and the amount of reimbursement for tuition for STAR Academy should be reimbursed in full.

**C. THE ADMINISTRATIVE LAW JUDGE'S REDUCTION OF THE REIMBURSEMENT FOR STAR ACADEMY BY 72% IS NOT EQUITABLE AND THE ENTIRE AMOUNT OF REIMBURSEMENT SHOULD BE AWARDED.**

If a student is not provided with FAPE and the private placement determined by the parents is deemed appropriate, "the district court enjoys broad discretion in considering equitable factors relevant to fashioning relief." *Gagliardo*, 489 F.3d at 112 (*citing Florence Cty. Sch. Dist. Four v. Carter,* 510 U.S. 7,16, 114 S. Ct. 361, 126 L. Ed. 2d 284(1993)). Further, IDEA enables district courts to "grant such relief as the court determines is appropriate." 20 U.S.C. 1415(i)(2)(C)(iii)(2006).

Although the ALJ noted in his decision that the award of reimbursement for T.M.'s placement at STAR Academy will be reduced because of the failure of written notice, he makes no actual finding regarding the amount of the reduction.(OAH 1900). There is no requirement that any reimbursement award be reduced at all; the statute simply states that the court "may reduce or deny" the reimbursement. At best, the ALJ might have deducted the cost of ten days tuition, but there is no indication in the record of his reasoning.

In *Bend-Lapine School District v. K.H.*, the Ninth Circuit recently concluded that the District Court did not err in applying the IDEA's notice provision when the District Court determined that the lack of notice was not fatal to a reimbursement request for a unilateral placement. (*Bend-Lapine*

*School District v. K.H.*, 234 Fed.Appx. 508, 2007 WL 1675180

(C.A.9 (Or.)). While this case is not a published case, it was

decided after January 1, 2007 and is eligible for citation in

courts of the Ninth Circuit.  (CTA9 Rule 36-3). The student was

awarded the full amount of reimbursement for the placement

without any written notice to the school district. *Id.*  The

Court determined that the school district's offer did not

provide FAPE and that the parents' placement was appropriate and

that this was sufficient to award full reimbursement. *Id.*

There are a few cases where the entire amount of the

tuition for a unilateral placement was awarded without any

mention of any reduction for a failure to give notice with no

analysis of the notice issue at all.  (*See J.L. v. Mercer Island

School District*, 2007 WL 505450 (W.D.Wash.),*Lauren P. v.

Wissahickon School District*, 2007 WL 1810671 (E.D.Pa.)).

Finally, in *M.V. v. Shenendehowa Central School District*,

the District Court reversed an administrative determination that

denied tuition reimbursement to parents for a unilateral

placement. (*M.V. v. Shenendehowa Central School District,*  2008

WL 53181 (N.D.N.Y.). In the underlying administrative hearing,

the hearing officer determined that the school district

placement did not provide FAPE. *Id.*  The hearing officer

determined that the unilateral placement was appropriate. *Id.*

The hearing officer then determined that denial of reimbursement was proper, however, because the parents failed to make their child available for interviews at two of the District's recommended placements. *Id.* The District Court, in reviewing the administrative decision, first noted that administrative decisions are not binding on the District Court. *Id.* Then the Court noted that it could find no decision by a federal court holding that such an extreme result was required. *Id.*

The District Court then awarded full reimbursement to the parents for the placement. *Id.* The Court specifically noted that,

> " The Court sees the Plaintiff as a
> concerned parent who took great efforts
> to find an appropriate placement for
> her son's special needs. Plaintiff's
> actions were not unreasonable, given
> her legitimate concerns about the
> District's ability to make an
> appropriate placement for A.V.
> Further, it would be inequitable to
> reward the District for its admitted
> failure to comply with the IDEA." *Id.*

This analysis is directly applicable to the parent of T.M.. The ALJ in this case specifically noted the efforts of the mother and the failure of the District. (OAH 1900).

The ALJ also noted that the failure of the District to offer services, which were readily available, put the parents in the position where they had to look for an alternative

placement. (OAH 1900).   The ALJ did note that that parent

failed to agree to attend an IEP meeting in the Fall of 2006.

However, the District merely discussed the possibility of

convening an IEP meeting with the parent but never actually

scheduled the IEP meeting.

　　　　In the only case where reimbursement for a unilateral

placement was completely denied even though the District did not

offer FAPE and the unilateral placement was appropriate for the

student, the District Court determined that the parents had

completely stopped cooperating with a district's placement

efforts. *Bettinger v. New York City Board of Education,* 2007 WL

4208560 (S.D.N.Y.). *Bettinger* is inapplicable on the facts; that

school district had proposed at least two private placements for

the parents to consider. *Id.*  However, the parents had already

identified, interviewed at, been accepted to and paid a large

deposit to a private school of their choice. *Id.*  The parents

refused to cooperate with the interview process at either of the

private placements the school district had identified,

effectively blocking the District from being able to actually

make a placement offer the parents could accept. *Id.*  The T.M.

case is distinguishable on several grounds.  First, T.M. was

enrolled in and had been attending the District's offer of

placement. (OAH 1894-1897). Second, the parents never refused to

entertain any placement offer the District made, and they were willing to try any placement the District offered. Finally, the District was not prevented from making an offer by any action on the part of the parents and there is no evidence that the parents ever impeded the District from taking any action.

From an equitable standpoint, the parents should be reimbursed in full for the placement at STAR Academy. The parents never attempted to frustrate or impede the District. There was no finding that the parents ever failed to cooperate with the District, and the mother voiced her concerns to school staff often. It is only the actions of the District which precipitated the need for a unilateral placement, and, therefore, the District should bear the entire cost of STAR Academy. Therefore, this court should reverse the partial reimbursement for STAR Academy and award full reimbursement for T.M.'s placement for the 2006-2007 school year.

D. **T.M. WAS THE PREVAILING PARTY IN THE UNDERLYING ADMINSITRATIVE HEARING AND SHOULD BE AWARDED REASONABLE ATTORNEY FEES FOR THE UNDERLYING ADMINSITRATIVE HEARING**.

Under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. ? 1415(i)(3)(B)(i) (emphasis added). A

prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Parents of Student W. v. Puyallup Sch. Dist.*, No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (internal quotation omitted). The success must materially alter the parties' legal relationship, cannot be de minimis, and must be causally linked to the litigation brought. Id.; see also *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034-37 (9th Cir. 2006).  An award of attorney fees is awarded solely by the District Court.  20 U.S.C. § 1415(i)(3).

      T.M. was clearly the prevailing party in this case.  The Student alleged the District failed to provide T.M. with a FAPE from May 18, 2005 through August 2007.  The ALJ found that the District failed to offer and provide FAPE during this entire time period.  (OAH 1876-1911). T.M. asked that the District be ordered to provide reimbursement for tutoring, which was ordered in part. (OAH 1876-1911).   T.M. asked that the District be ordered to fund 200 hours of LindaMood Bell Tutoring, which was ordered in full. (OAH 1876-1911, OAH 2696-2697).  Finally, T.M. asked that the District be ordered to reimburse for the placement at STAR Academy, which was ordered in part and should have been ordered in full.  Therefore, T.M. was the prevailing party under the law and is entitled to reimbursement for

attorney fees for the underlying administrative hearing.
Finally, the ALJ determined that T.M. prevailed on many issues
as he re-wrote them. (OAH 1911).  T.M. respectfully requests
that the Court order briefing on the issue of the amount of
attorney fees to be awarded to T.M. as the prevailing party.

## CONCLUSION

T.M. respectfully requests that the Court defer to the
administrative decision in this case with the exception of the
award of reimbursement for the student's placement at Star
Academy.  The parents should be reimbursed for the entire cost
of STAR Academy as the District failed to offer and provide T.M.
with FAPE, and the placement at STAR Academy was appropriate.
The parents should also be reimbursed for the entire cost of the
placement, and no deduction should be made for general education
and speech services because T.M. could not reasonably have
availed himself of only some of the services at the private
school while attending the placement offered by the district.
Additionally, T.M. should be reimbursed for the full cost of the
placement because the failure to give the 10 day notice was
harmless error and the award of full tuition is equitable in
this case. Finally, T.M. should be considered the prevailing
party in the underlying administrative hearing and awarded

reasonable attorney fees after a hearing on the reasonableness of the fees and costs incurred by T.M..

Dated this January 31, 2007

/s/

Margaret Broussard
Attorney for T.M.