Margaret M. Broussard (SBN 219251)
7909 Walerga Road, Suite 112 PMB 1157
Antelope, CA 95843
Phone (916) 722-2370
Fax (916) 722-2801

Attorney for T.M.

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.M., | Case No.: 3:07-CIV-05751 WHA |
| Plaintiff, | **PLAINTIFF'S REPLY BRIEF** |
| vs. | Hearing: March 6, 2008 8:00am |
| SAN RAFAEL CITY SCHOOLS, | |
| Defendant | |

## INTRODUCTION

This appeal results from an administrative decision by the California Office of Administrative Hearings in a case involving the special education placement and services for T.M., a minor child. T.M. appeals on the limited issue of whether the Administrative Law Judge ("ALJ") applied the law correctly when calculating the amount of reimbursement to be awarded to T.M. As a separate matter, T.M. seeks an award of attorneys fees as the prevailing party in the underlying administrative hearing decision.

Plaintiff's Reply Brief Case 3:07-CIV-05751 WHA – Page 1

**APPEAL ISSUE**

Whether the ALJ erred in his determination of the amount of reimbursement for the unilateral placement of T.M. at STAR Academy.

**FUTHER RELIEF REQUESTED**

Whether T.M. is entitled to an award of attorney fees as the prevailing party in the underlying administrative hearing decision.

**ARGUMENT**

A. **Equity requires full reimbursement for T.M.'s placement at STAR Academy**.

A school district shall notify a parent of an IEP team meeting early enough to ensure an opportunity to attend. (34 C.F.R. § 300.322(a)(1); Ed. Code, §§ 56043, subd. (e), 56341.5, subd. (b).) The notice of the meeting shall include the purpose, time, and location of the meeting, and who shall be in attendance. (34 C.F.R. § 300.322(b); Ed. Code, § 56341.5, subd. (c).) Parents shall be informed in the notice of the right to bring other people to the meeting who have knowledge or special expertise regarding the student. (*Ibid.*) Neither federal nor state law expressly requires a school district to send written

notice to parents of an IEP team meeting. However, comments to the federal regulations repeatedly refer to the IEP team meeting notice being "sent," which implies that a written notice is required. (71 Fed. Reg. p 46678 (Aug.14, 2006).) Similarly, the California Education Code refers to parents being informed "in the notice" of their right to bring others to the meeting, which implies a written notice. (See Cal Educ. Code, § 56341.5, subd. (c)).

 A meeting may be conducted without a parent or guardian in attendance if the local educational agency is unable to convince the parent or guardian that he or she should attend. In this event, the local educational agency shall maintain a record of its attempts to arrange a mutually agreed-upon time and place, such as: (1) Detailed records of telephone calls made or attempted and the results of those calls. (2) Copies of correspondence sent to the parents or guardians and any responses received. (3) Detailed records of visits made to the home or place of employment of the parent or guardian and the results of those visits. (Cal Educ. Code § 56341.5(h)).

 The District presented no evidence that the parent of T.M. ever refused to attend an IEP meeting in the fall of 2006. First, the testimony is clear that the type of the meeting (IEP, Student Success Team or parent teacher conference) Ms. Dahlstrom

refers to in the Log of Important Contacts was not yet determined at the time the calls were made and that an IEP meeting was never discussed. (OAH 0310 Line 7- OAH 0323 Line 5) Further, there was no evidence offered that the District had complied with any of the notice requirements for an IEP meeting pursuant to the California Education Code.  In fact, the District never scheduled an IEP meeting. The District cannot be allowed to use the lack of specificity regarding the type of meeting and its failure to meet the legal requirements regarding proper notice for an IEP meeting to show that the parent would not attend and did not attend an IEP meeting.  There is no evidence the parents refused to attend an IEP meeting for T.M. as no IEP was ever discussed.  (Exh. 44 (OAH 2341) Log of Important Contacts).

 The District has an affirmative obligation to offer and provide a special education student FAPE. *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)).  An individualized education program team shall meet whenever the pupil demonstrates a lack of anticipated progress or a teacher requests a meeting to develop, review or revise the individual education program. (Cal. Educ. Code § 56343(b).

 If the District did indeed want to change T.M.'s placement in the fall of 2006, as the District alleges in its briefs, it

Plaintiff's Reply Brief Case 3:07-CIV-05751 WHA – Page 4

was obligated under California Education Code Section 56343 to hold an IEP and document its offer, and/or change of placement. However, the evidence shows that District made no changes to its IEP offer and continues to maintain, to this day, that its offer in place at the time T.M. was placed at STAR Academy was FAPE. The District cannot have it both ways. The District claims that they wanted to hold an IEP meeting to change T.M.'s placement at the beginning of the 2006-2007 school year and add additional services to provide FAPE.  Yet, the District continues to maintain that T.M.'s placement at the beginning of the 2006-2007 school year *was* FAPE and therefore T.M. was not justified in seeking reimbursement for his unilateral placement.  Both assertions cannot be true -- either the offer in place was FAPE or it was not. If it was not, the District failed to properly notice and hold an IEP meeting.

      Either way, the parents should not be penalized by reducing the reimbursement for STAR Academy for the failure of the District to either offer FAPE or notice and hold an IEP meeting to revise their offer of FAPE.

      The District has mischaracterized the testimony in an attempt to show that the parents refused to attend an IEP meeting before placing T.M. in STAR Academy.  The burden was on the District to schedule and hold the IEP meeting; to place the

Plaintiff's Reply Brief Case 3:07-CIV-05751 WHA – Page 5

burden on the parent and deny reimbursement based upon the District's failure to properly notice and hold an IEP meeting would be inequitable and improperly penalize T.M. for the District's failure.  Therefore, T.M. should indeed be awarded the full amount of reimbursement for T.M.'s placement at STAR Academy.

### B. **The District is not entitled to an award of attorney fees and has requested the fees for the improper purpose of intimidating and harassing T.M..**

In accordance with Section 1415(i)(3) of Title 20 of the United States Code, the court, in its discretion, may award reasonable attorney's fees as part of the costs to a prevailing party who is a state educational agency or local educational agency in the following circumstances: (A) Against the attorney of a parent who files a due process hearing request or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation. (B) Against the attorney of a parent, or against the parent, if the parent's due process hearing request or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. (Cal. Educ. Code § 56507 (b)(2)).

Plaintiff's Reply Brief Case 3:07-CIV-05751 WHA – Page 6

The District alleges that the claims were "unreasonable and groundless" without offering any evidentiary support or case law support.  The fact that T.M. prevailed in the underlying administrative hearing, proved a denial of FAPE for all of the years alleged in the complaint and also received a portion of the remedies requested proves that the claims had merit.  The District's claim is wholly without evidentiary support.

Most importantly, the District appears to be raising this unsupported claim specifically to harass and intimidate T.M.. The District is attempting to dissuade this parent and other parents in the District from instigating due process hearings against the District with the threat of an award of tens of thousands of dollars in the District's attorneys' fees, regardless of the outcome of the underlying administrative hearing.  The IDEA only awards attorneys fees to a *parent* who is a prevailing party in an administrative hearing.  There is no reciprocal provision to award attorneys fees to a school district as the prevailing party in an administrative hearing. In this case, the District is attempting to frighten the parents into submission with this unreasonable and unsupported claim.

The District cannot point to *any* court that has applied this statute or any like statute to award attorney fees to a school district for its attorney fees in facts similar to the

Plaintiff's Reply Brief Case 3:07-CIV-05751 WHA – Page 7

facts in this case, especially given that the parents prevailed in the underlying administrative hearing.  The District has no legal basis for bringing this harassing and intimidating claim.  The District's claim for attorneys fees should be denied, and the District should be admonished and discouraged from making such harassing and intimidating claims in the future.

## CONCLUSION

T.M. respectfully requests that the Court defer to the administrative decision in this case with the exception of the award of reimbursement for the student's placement at Star Academy.  The parents should be reimbursed for the entire cost of STAR Academy as the District failed to offer and provide T.M. with FAPE, and the placement at STAR Academy was appropriate.  The District should be denied in its request for attorney fees in whole.  Finally, T.M. should be considered the prevailing party in the underlying administrative hearing and awarded reasonable attorney fees after a hearing on the reasonableness of the fees and costs incurred by T.M..

Dated this February 21, 2008

/s/ _____

Margaret Broussard
Attorney for T.M.

Plaintiff's Reply Brief Case 3:07-CIV-05751 WHA – Page 8